## MURDOCK et al. *v.* COLEMAN et al.

Where plaintiff alleges that a bill of exchange drawn by a third person on a fourth, payable to plaintiff's order, but not endorsed by defendant, was received by plaintiff, from defendant, *in discharge* of a debt due by the latter, it must be considered a novation of the debt (C. C 2185); and, in the event of the non-payment of the bill, defendant can only be made liable on proof of his knowledge, at the time of the transfer, of the worthlessness of the bill.

APPEAL from the Commercial Court of New Orleans, *Watts*, J.

*Eggleston*, for the appellants. There was no novation. Civ. Code, arts. 2185, 2186, 2188. *Cain* v. *Robert*, 3 Mart. N. S. 145. *Mark* v. *Bowers*, 4 N. S. 95. 9 La. 223. *Turpin* v. *Creditors*, 9 Mart. 562. *Nolté* v. *Creditors*, 6 Mart. N. S. 176. *Gleason* v. *Stevenson*, 6 N. S. 568. 7 N. S. 178. *Baird* v. *Livingston*. 1 Rob. 184. *Howard* v. *Thomas*, 3 La. 112. Story on Notes, ss. 104–105, 438. 1 Wheaton's Selwyn, ed. 1839, p. 74, *note* 23. The delivery of the bill, it being worthless, was not a payment. *Stedman* v. *Gooch*, 4 Espinasse, N. P. C. 5. 6 Term Rep. 52. 7 Term R. 64. 2 Campb. 515. Story on Notes, ss. 389, 502. *Ontario Bank* v. *Lightbody*, 11 Wend. 9. 139 Ibid. 101. *Markle* v. *Hatfield*, 2 Johns, 455. 2 Hill's S. C. Rep. 509. 10 Vesey, 506.

*Mott*, for the defendants.

The judgment of the court was pronounced by

SLIDELL, J. The plaintiffs, merchants in Connecticut, had consigned to the defendants, a New Orleans house, certain merchandize for sale. The defendants having realized the proceeds in cash, the plaintiffs' agent called on them at New Orleans for a settlement, and received in discharge of the balance in favor of plaintiffs a portion in cash, and the residue in a bill of *Josiah G. Macy & Co.*, to the order of *Murdock & North*, on *Macy & Holdredge* of New York, for $900, at sixty days. The bill thus received by plaintiffs was accepted, but protested for non-payment, and the plaintiffs now claim its amount from the defendants.

---

[*] This case, presenting only questions of fact, is not reported.

The case has been presented in different aspects by the original and supplemental petitions. We will consider it in reference to the allegations of those petitions and the evidence in the cause, observing that to these discrepancies in the pleadings, and to the evidence, which in some respects goes beyond the pleadings, no exceptions have been taken by the defendants.

I. In the original petition plaintiffs alleged the consignment, the indebtedness resulting from it, a part payment of the indebtedness in cash, and that the draft was given in *discharge* of the residue. They allege the protest of the draft; the insolvency of the drawers and drawees, at its maturity and since ; and " that, at the time said draft was given in *discharge* of said accounts, *Coleman & Simms* knew of the inability of the drawers to pay the same, or might have known it by diligent inquiry, notwithstanding which they delivered the draft to petitioners." Now under these allegations it is expressly admitted that, the draft was received in discharge, and the original indebtedness was consequently novated (Civil Code, art. 2185) ; and the defendants could only be held liable on proof of knowledge by them of the worthlessness of the draft. Such knowledge has not been proved. It is satisfactorily shown, on the contrary, that the bills of *Macy & Co.* on the New York house, were taken for large amounts by bill dealers down to a later period than the date of the transfer of this draft ; that the partner who drew the bill did not then anticipate the stoppage of the New York house ; and that the defendants had no reason to anticipate their failure, which took place about two months after the bill was accepted. On the above grounds then, the defendants are not liable.

II. By a supplemental petition the averments of the original petition are modified, and the charge of liability assumes partially a new form. The plaintiffs there say that, at the time the draft mentioned in the original petition was delivered to liquidate the account, *Coleman & Simms* desired their agent to take the draft, which he agreed to do if the parties to the same were solvent, they stating to the agent that the draft was good, and that the parties thereto were solvent ; that they took the draft on the faith of these representations ; and that in fact the parties were insolvent, the draft valueless, and that the defendants knew it.

So far as concerns any knowledge of the defendants as alleged, we have seen that it is not made out by the evidence. As to the alleged representations of the defendants, and the allegations that the account was thus settled at the request of the defendants, the testimony of the agent of plaintiffs is relied upon. If this testimony stood alone, a case would have been made out which might have fixed a liability upon the defendants, subject to the further enquiry, whether it was discharged by the delay in giving notice of protest. But the testimony offered by the defendants, the other attendant circumstances, and the pleadings in this cause, militate against the agent's account of the transaction. The bill was not endorsed by defendants, but was drawn directly to plaintiffs' order, and they were credited with the discount of one and three quarters per cent. It is deposed that the account was settled by bill, for the convenience of plaintiffs, and for the sake of the profit to them in exchange ; and that *Coleman & Simms* paid for the bill in cash two or three days after they got it for plaintiffs' agent. Though the bill was protested on the 22d May, 1845, the plaintiffs did not write to the defendants till the 12th June, 1845, when they acknowledge that the draft was taken in part payment, tell the defendants that they look to them for payment, but allege no reason for defendants liability but the dishonor

<div style="margin-left"></div>

MURDOCK
v.
COLEMAN.

and failure of the parties to the bill. So far from suggesting that the defendants knew the parties to be in failing circumstances, they expressly say in this letter: "You were probably deceived, as the house was in better credit in New Orleans than in New York. It was well understood here that they were weak and in failing circumstances, before that date." It is also to be observed that, in the original petition there was no allegation of fraudulent or erroneous representations.

The judge of the court below was of opinion that no liability was established, and, after a careful consideration of the whole case, we do not think there was error in his decree.  *Judgment affirmed.*